

1
2
3
4
5
6
7
8
9
10
11

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENTREPRENEUR MEDIA, INC., | Case No.  8:20-cv-01690-JVS-ADS |
|        Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
|        vs. | |
| KELLY ROACH, an individual; KELLY ROACH, LLC d/b/a KELLY ROACH INTERNATIONAL, a Pennsylvania company; and DOES 1-10, | |
|        Defendants. | |
| KELLY ROACH, an individual; KELLY ROACH, LLC d/b/a KELLY ROACH INTERNATIONAL, a Pennsylvania company, | Complaint Filed:   September 4, 2020<br>Trial Date:         January 11, 2022 |
|        Counterclaimants, | |
|        vs. | |
| ENTREPRENEUR MEDIA, INC., | |
|        Counterdefendants. | |

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

CALL & JENSEN

Plaintiff Entrepreneur Media, Inc. and Defendants Kelly Roach and Kelly Roach, LLC d/b/a Kelly Roach International stipulate as follows:

## I.    PURPOSES AND LIMITATIONS – GOOD CAUSE STATEMENT

Disclosure and discovery activity in this action are likely to involve production of certain confidential, proprietary, private or trade secret  information for which special protection from disclosure would be warranted, such as information regarding the parties' sales and profits, marketing budgets, launch schedules, and product development.   Disclosure of this information would cause irreparable harm to the parties by allowing their competitors to gain an unfair advantage by accessing their confidential, proprietary, private or trade secret information.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order Governing Confidential Materials ("Order" or "Stipulated Protective Order").

The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery.  The protection it affords extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  To the extent practicable, only those parts of documents, items, or oral or written communications that require protection shall be designated. Designations with a higher confidentiality level when a lower level would suffice are prohibited.  Mass, indiscriminate, or routinized designations are prohibited. Unjustified designations expose the designator to sanctions, including the Court's striking all confidentiality designations made by that designator. Designations under this Order are allowed only if the designations are necessary to protect material that, if disclosed to persons not authorized to view it, would cause competitive or other recognized harm. Material may not be designated if it has been made public, or if designation is otherwise unnecessary to protect a secrecy interest. If a designator learns that

information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that designator must promptly notify all parties that it is withdrawing the mistaken designation.

The parties further acknowledge, as set forth in Section XI (FILING PROTECTED MATERIAL) below, that this Stipulated Protective Order does not entitle them to file confidential information under seal.  The parties shall follow the applicable rules when seeking permission from the Court to file material under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

Notwithstanding anything in this Order, Disclosure or Discovery Material, as defined in Section II.B below, shall not be used by the Receiving Party, as defined in Section II.M below, for any purpose other than for prosecuting or defending this action.

**II.    DEFINITIONS**

A.    <u>Designating Party</u>:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" Or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY,"  as those terms are defined below.

B.    <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things), that are voluntarily exchanged, produced or generated by any Party or Non-Party in disclosures or responses to discovery in this matter.

C.      Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

D.      "CONFIDENTIAL" Information or Items:  information (regardless of how generated, stored, or maintained) or tangible things that a Designating Party believes in good faith constitutes or embodies matter used by it in or pertaining to its business, which matter is not generally known and which the Designating Party would not normally reveal to third parties or would cause third parties to maintain in confidence, and any other information that would qualify as Confidential pursuant to the applicable legal standard.

E.      "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY" Information or Items: certain limited CONFIDENTIAL material or information that is competitively sensitive and constitutes or contains: (1) technical information such as product design or formulation, (2) information within the definition of trade secret provided by state or federal law, (3) formulae or source code, (4) research and development information, (5) customer lists, (6) sales, cost, pricing, or other financial information, (7) plans for strategic business initiatives or marketing plans, or (8) any other information that contains the Designating Party's trade secrets or other confidential research, development, or commercial, personal and/or financial information of an extremely sensitive nature that may cause significant competitive harm to, and/or breach the privacy of, the Designating Party if disclosed to persons other than those described in Section VII.B (ACCESS TO AND USE OF PROTECTED MATERIAL) below.

F.      Non-Party:  Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

G.      Outside Counsel: (i) attorneys who are not employees of a Party to this action and who have been retained to represent and/or counsel a Party in this action, and (ii) partners, associates, other attorneys, and staff of such counsel to whom it is reasonably necessary to disclose the information for this litigation.

H.      In-House Counsel:   attorneys or paralegals, and other legal department personnel, who are employees of a Party to this action.   In-House Counsel does not include Outside Counsel or any other outside counsel.

I.      Party or Parties:  any party to this action, and all parties to this action, including all of its or their officers, directors, owners, members, partners, trustees, beneficiaries, insurers, employees, consultants, retained experts, attorneys, and outside counsel (and their support staff).

J.      Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

K.      Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

L.      Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

M.      Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

## III.   SCOPE

The protections conferred by this Order cover not only Protected Material, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or

compilations thereof plus testimony, conversations, or presentations by Parties or counsel to or in court or in other settings that might reveal Protected Material.  All notes, memoranda, reports, and other written communications that reveal or discuss information contained in Protected Materials shall be given the same protections under this Order as though they were designated as Protected Material.  Any person found to have made an impermissible use of any Protected Material produced in this action may be subject to, without limitation, appropriate civil penalties, including for contempt of court.

## IV.   DURATION

Even after the termination of this litigation—whether by settlement, discontinuance, dismissal, severance, judgment or other disposition—the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  The Court shall retain jurisdiction to enforce this Order during and beyond final disposition of this action.  The recipient of any Protected Material hereby agrees to subject itself/himself/herself to the jurisdiction of this Court for the purpose of any proceedings related to the performance under, compliance with, or violations of this Order.

## V.   DESIGNATING PROTECTED MATERIAL

A.   **Manner and Timing of Designations.**  Except as otherwise provided in this Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly designated before the material is disclosed or produced.  Designation in conformity with this Order requires the following:

1.   For information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings): the Producing Party must affix, at a minimum, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" (or "HIGHLY CONFIDENTIAL — AEO" as space permits) at the top or bottom

of each page that contains Protected Material, including on each page of any electronically produced document.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, and before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" legend at the top or bottom of each page that contains Protected Material.  If only a portion of a document or portions of the material on a page qualifies for protection, the Designating Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

2.    For testimony given in depositions or in other pretrial or trial proceedings: all transcripts will automatically be designated "HIGHLY CONFIDENTIAL— ATTORNEYS' EYES ONLY" from the day of the deposition or proceeding to 30 calendar days after the final original transcript becomes available for review.  During this period of automatic designation, the Designating Party may provide written designations of those portions of the testimony that qualify for protection under this Order.  If such written designations are submitted, then the final transcript will be revised to reflect those designations.  After the expiration of this period of automatic designation, if no written designations are submitted by the Designating Party, then the entire transcript will be deemed not confidential, and the transcript will be revised to remove all confidentiality designations.

STIPULATED PROTECTIVE ORDER

3.      For information produced in some form other than documentary and for any other tangible items:  the Producing Party must affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in a prominent place on the exterior of the container or containers in which the information or item is stored or in some other reasonable fashion depending on the form of the material.  If that matter is stored or recorded electronically (including databases, images, or programs stored on computers, discs, networks or backup tapes) and a legend cannot be affixed on it, the Designating Party may designate such material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY" by cover letter identifying the Protected Material.  Parties other than the Producing Party shall also have the right to designate such materials for confidential treatment in accordance with this Order by written notice.  If only portions of the information or item warrant protection, the Designating Party, to the extent practicable, shall designate the protected portions only.

4.      For information revealed in the course of a hearing:  all hearing testimony will automatically be designated "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" from the day of the hearing to 14 calendar days after the final original transcript becomes available for review, except that Parties may draft orders on the hearings as necessary to effectuate the Court's decisions.  During this period of automatic designation, the Designating Party may provide written designations of those portions of the testimony that qualify for protection under this Order.  If such written designations are submitted, then the final transcript will be revised to reflect those designations.  After the expiration of this period of automatic designation, if no written designations are submitted by the Designating Party, then the entire transcript will be deemed not confidential, and the transcript will be revised to remove all confidentiality designations.

B.      **Inadvertent Failure to Designate.**  If timely corrected, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.   If material is appropriately designated after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.   As used in this Order, an act is "timely" if it does not unduly prejudice another Party.

C.      **FRE 502(d) Order and Clawback Procedure.**

1.      <u>No Waiver</u>.  If the Producing Party discloses information in connection with this action that the Producing Party thereafter claims to be privileged or protected by the attorney-client privilege or work product protection ("Protected Information"), the disclosure of that Protected Information will not constitute or be deemed a waiver or forfeiture--in this or any other action--of any claim of privilege or work product protection that the Producing Party would otherwise be entitled to assert with respect to the Protected Information and its subject matter.

2.      <u>Full Protection</u>.  This Order protects *any* disclosure of Protected Information, whether that disclosure is inadvertent or otherwise.

3.      <u>Degree of Care</u>.  Each Party is entitled to decide, in its sole discretion, the appropriate degree of care to exercise in reviewing materials for privilege.  Irrespective of the care that is actually exercised in reviewing materials for privilege, the Court hereby orders that disclosure of Protected Information in discovery conducted in this action shall not waive any claim of privilege or work product protection that the Producing Party would

otherwise be entitled to assert with respect to the Protected Information and its subject matter.

4.  Notification.  A Producing Party must notify the Receiving Party, in writing, that it has disclosed that Protected Information without intending a waiver by the disclosure.  Upon receipt of such notification, the Receiving Party shall immediately take all reasonable steps to destroy or return all copies, electronic or otherwise, of such document or other information, and shall provide a written certification that it will cease further review, dissemination, and use of the Protected Information.

5.  Maximum Protections.  This Order shall be interpreted to provide the maximum protection allowed to the Producing Party by Federal Rule of Evidence 502(d). The provisions of Federal Rule of Evidence 502(b)(2) are inapplicable to the production of Protected Information under this Order.  However, if for any reason the Court finds that this Section is inapplicable to Protected Information, then Rule 502(b) will apply in its absence.

D.  **Applicability to Non-Parties.**  In the course of this action, the Parties may attempt to discover documents and information from third parties.  Any third party from whom discovery is sought by a Party to this action may avail itself of the protections and limitations of disclosure provided for in this Stipulated Protective Order.  The third party shall identify any Confidential or Highly Confidential – Attorneys' Eyes Only information produced in accordance with this Stipulated Protective Order.  The Parties hereby agree to treat any material designated Confidential or Highly Confidential – Attorneys' Eyes Only and produced by a third party in accordance with the terms of this Stipulated Protective Order.  The Parties shall reference this Stipulated Protective Order in any subpoena or discovery request they serve or otherwise provide to any third party.

## VI.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

### A.   **Timing of Challenges**

1.   Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

### B.   **Meet and Confer**

1.   The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq. or follow the procedures for informal, telephonic discovery hearings on the Court's website.

C.   The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

## VII.   ACCESS TO AND USE OF PROTECTED MATERIAL

### A.   Basic Principles

1.   A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this action only for prosecuting, defending, or attempting to settle this action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the action has been terminated, a Receiving Party must comply with the provisions of Section XIV (FINAL DISPOSITION) below.

2.      Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that reasonably ensures that access is limited to the persons authorized under this Order.

B.      Disclosure of "CONFIDENTIAL" Information or Items

1.      Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

a.      In-House Counsel of the Receiving Party;

b.      The Receiving Party's Outside Counsel in this action, as well as employees and consultants of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

c.      The Receiving Party, if that party is an individual, or if the Receiving Party is an entity, then its officers, directors, and employees of the Receiving Party and its related/affiliated entities to whom disclosure is reasonably necessary for this litigation;

d.      Experts (as defined in this Order) of the Receiving Party, and their administrative support staff, if any, to whom disclosure is reasonably necessary for this action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

e.      The Court and its personnel;

f.      Neutral evaluators, mediators or arbitrators assigned to the case by the Court or retained for the case by the mutual agreement of the Parties;

g.      Court reporters and their staff;

h.  Professional jury or trial consultants, mock jurors, and Professional Vendors for services such as copying, scanning, or electronic document processing to whom disclosure is reasonably necessary for this action and who have signed the "Acknowledgment and Agreement to be Bound" attached as Exhibit A hereto;

i.  Any author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

j.  During their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A),  unless otherwise agreed by the Designating Party or ordered by the Court; and

C.  Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items:

1.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY" only to those persons listed in Section VII.B.1(b), (e)-(i) above, as well as to experts as set forth in Section VII.B.1(d) above as long as the expert is not a current officer, director, owner, member, partner, contractor or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director, owner, member, partner, contractor, or employee of a Party or a competitor of a Party.

D.  Maintenance of Signed Acknowledgements

STIPULATED PROTECTIVE ORDER

1.      Counsel for the Receiving Party wishing to disclose Protected Materials shall maintain the original signed "Acknowledgement and Agreement to Be Bound by Order."

E.      Disclosure Not Otherwise Authorized.

1.      In the event that Counsel representing any Party in this action believes that it is necessary to disclose Protected Materials to an individual or entity to whom disclosure is not permitted by this Order, such Counsel shall make a written request (delivered by hand, email or fax) to counsel for the Designating Party identifying the individual to whom it is desired to make such disclosure and the specific Protected Materials involved, and notifying the Designating Party that it has five business days to object to such disclosure.  Within five business days of the request, counsel for the Designating Party may object to such disclosure by delivering by hand, email, or fax a written objection to Counsel serving the disclosure request.  Failure to object constitutes consent to such disclosure.

2.      In the event that a Designating Party objects to such disclosure, such Protected Materials shall not be disclosed to any individual other than those to whom disclosure is permitted by the provisions of this Order until such dispute has been resolved by agreement of the Parties or, after the Parties engage in a good faith meet and confer about this issue (which conference is to occur within five business days of a written request therefor), by order of the Court.  However, both parties agree to act in good faith to approve reasonable requests, if feasible, to use "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information at depositions taken in this action, but acknowledge that

STIPULATED PROTECTIVE ORDER

requests of this nature should generally be made using the procedure in this Section prior to the deposition if reasonably anticipated.

F.     Authorized Disclosures.  Nothing in this Order shall preclude any party to the proceeding or their attorneys from:

1.     Showing materials designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" to an individual who either prepared or reviewed the document prior to the filing of this action, or is shown by the document to have received the document.

2.     Disclosing or using, in any manner or for any purpose, any information, documents, or things from the party's own files.

3.     Disclosing or using, in any manner or for any purpose, any information, documents, or things obtained from a lawful source other than discovery.

4.     Disclosing or using, in any manner or for any purpose, any information, document, or thing that is at the time of production or disclosure, or subsequently becomes, through no wrongful act or failure to act on the part of the Receiving Party, generally available to the relevant public through publication or otherwise, or is already rightfully in the possession of the Receiving Party at the time of production.

## VIII.  PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED    IN OTHER LITIGATION

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," that Party must promptly notify in writing (by hand, email or fax) the Designating Party and in no event

more than five days after receiving the subpoena or order.  Such notification shall include a copy of the subpoena or court order.  Provided that the Producing Party has taken the necessary steps to prevent, through judicial process, production of the documents sought to be produced, the Receiving Party shall not produce to the party in the other action any documents designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," and will maintain the status quo pending resolution of the Producing Party's motion to quash or analogous proceeding.

The Receiving Party also must immediately inform  in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulated Protective Order.  In addition, the Receiving Party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.  The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## IX. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

A.     The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Such information produced by Non-Parties in connection with

STIPULATED PROTECTIVE ORDER

this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

B.     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.     Promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.     Promptly provide the Non-Party with a copy of the Stipulated Protective Order in this action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.     Make the information requested available for inspection by the Non-Party, if requested.

C.     If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

## X.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately, and no later than two business days after learning of such disclosure, (1) notify in writing the Designating Party of the unauthorized disclosure, (2) use its best efforts to retrieve all copies of the Protected Material, (3) inform the person or persons to whom an unauthorized disclosure was made of all the terms of this Order, and (4) request such person or persons to execute the "Acknowledgment and Agreement to be Bound" that is attached hereto as Exhibit A.

## XI.   FILING PROTECTED MATERIAL

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with the Applicable Federal Rules of Civil Procedure and Local Rules of this Court.

## XII.   MISCELLANEOUS

A.   **Right to Further Relief.**  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

B.   **Admissions and Waivers.**  Neither the entry of this Order, nor the designation of any information or documents as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or failure to make such a designation, shall constitute evidence or any admission with respect to any issue in the case, and shall not constitute a waiver of any objections to the disclosure of such information.  Nothing in this Order shall be construed as waiving any objections of either Party as to the admissibility of a particular document into evidence.  Moreover, nothing in this Order shall be construed to

require any Party to disclose to any other Party any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information, or to prohibit any Party from refusing to disclose "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information to any other Party.

C.    **Right to Assert Other Objections.**    By stipulating to the entry of this Stipulated Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Stipulated Protective Order.

## XIII.  FINAL DISPOSITION

Unless otherwise ordered or agreed in writing by the Parties, within ninety (90) days after the final termination of this action (e.g., a Court order terminating this action and from which no appeal is taken), each Receiving Party must make reasonable efforts to return or destroy all Protected Material.  As used in this paragraph, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other form of reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 90-day deadline that affirms that the Receiving Party has taken reasonable efforts to comply with the foregoing provisions, and has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material.  "Reasonable efforts" shall not require the return or destruction of Confidential Material from (i) disaster recovery or business continuity backups, (ii) data stored in system-generated temporary folders or near-line storage, (iii) archived data with limited end-user accessibility, and/or (iv) material that is subject to legal hold obligations

or commingled with other such material.  Backup storage media will not be restored for purposes of returning or certifying destruction of Confidential Material, but such retained information shall continue to be treated in accordance with the Order.

Notwithstanding this provision, Counsel are entitled to retain archival copies and are not required to return or destroy copies of all pleadings, motion papers, written discovery, trial, deposition, and hearing transcripts, legal memoranda, correspondence, attorney-client communications or attorney work product, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material, provided that such Counsel take appropriate steps to prevent the disclosure in a manner contrary to this Order of such Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Stipulated Protective Order as set forth in Section V (DURATION) above.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: January 29, 2021                    LATHAM & WATKINS LLP

                                           By */s/ Adam Herrera*
                                               Adam Herrera

                                           *Attorney for Plaintiff*
                                           *Entrepreneur Media Inc.*

1  Dated:  January 29, 2021                    CALL & JENSEN
2                                              A Professional Corporation
                                               Samuel G. Brooks
3                                              Nilab R. Tolton

4
5                                              By:   */s/ Samuel G. Brooks*
                                                    Samuel G. Brooks
6                                              Attorneys for Defendants and Counterclaimants
7                                              Kelly Roach and Kelly Roach, LLC dba Kelly
                                               Roach International
8

9

10  **FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

11
12  Dated:  February 2, 2021                        /s/ Autumn D. Spaeth
13                                              HONORABLE AUTUMN D. SPAETH
                                               United States Magistrate Judge
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A**
**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____

_____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [DATE] in the case of *Entrepreneur Media, Inc. v. Kelly Roach*, Case No. 8:20-cv-01690-JVS-ADS.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt of court.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.  I hereby appoint _____ [print or type full name] of _____

_____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed Name: _____

Signature: _____

STIPULATED PROTECTIVE ORDER

## <u>SIGNATURE CERTIFICATION</u>

I hereby certify that the content of this document is acceptable to Adam Herrera, counsel for Plaintiff Entrepreneur Media Inc., and that I have obtained Mr. Herrera's authorization to affix his electronic signature to this document.


By: */s/ Samuel G. Brooks*
Samuel G. Brooks

STIPULATED PROTECTIVE ORDER